1  TRACY L. WILKISON
   United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   ANDREW BROWN (Cal. Bar No. 172009)
4  Assistant United States Attorney
   Major Frauds Section
5       1100 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-0102
7       Facsimile: (213) 894-6269
        E-mail:    andrew.brown@usdoj.gov
8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

9

10                    UNITED STATES DISTRICT COURT

11               FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          No. 2:21-cr-00531-MWF

13          Plaintiff,                 PLEA AGREEMENT FOR DEFENDANT
                                       SANTOS SIXTOS MENA
14              v.

15  SANTOS SIXTOS MENA,

16
            Defendant.
17

18       1.   This constitutes the plea agreement between SANTOS SIXTOS

19  MENA ("defendant"), and the United States Attorney's Office for the

20  Central District of California (the "USAO") in the above-captioned

21  case.  This agreement is limited to the USAO and cannot bind any

22  other federal, state, local, or foreign prosecuting, enforcement,

23  administrative, or regulatory authorities.

24       ///

25

26

27

28

                                    1

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a)   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the information, which charges defendant with Bank Fraud, in violation of 18 U.S.C. § 1344(2).

b)   Not contest facts agreed to in this agreement.

c)   Abide by all agreements regarding sentencing contained in this agreement.

d)   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e)   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f)   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g)   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h)   Not bring a post-conviction collateral attack on the conviction or sentence except a post-conviction collateral attack based on a claim of ineffective assistance of counsel.

i)   Not move to withdraw defendant's guilty plea.

j)   Not file a notice of appeal, unless the term of imprisonment imposed exceeds five years.

k)   Stipulate that defendant's supervised release include the following suspicionless search conditions:

Defendant shall submit defendant's person and any property, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search and seizure at any time of the day or night by any law enforcement or probation officer, with or without a warrant, and with or without cause.

If stopped or questioned by a law enforcement officer for any reason, defendant shall notify that officer that defendant is on federal supervised release and subject to search with or without cause.

## THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

a)   Not contest facts agreed to in this agreement.

b)   At the time of sentencing, move to dismiss the remaining count of the information as against defendant.  Defendant understands, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

## NATURE OF THE OFFENSE

4.   Defendant understands that for defendant to be guilty of bank fraud, in violation of Title 18, United States Code, Section 1344(2), the following must be true:  First, defendant knowingly carried out a scheme or plan to obtain money or property from a financial institution by making false statements or promises; Second, defendant knew that the statements or promises were false; Third, the statements or promises were material, that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property; Fourth, the

1  defendant acted with the intent to defraud; and Fifth, the financial
2  institution was federally insured.

### PENALTIES AND RESTITUION

3

4      5.   Defendant understands that the statutory maximum sentence
5  that the Court can impose for a violation of Title 18, United States
6  Code, Section 1344, is: 30 years' imprisonment; a five-year period
7  of supervised release; a fine of $1,000,000, or twice the gross gain
8  or loss, whichever is greatest; and a mandatory special assessment
9  of $100.

10      6.   Defendant understands that supervised release is a period
11  of time following imprisonment during which defendant will be
12  subject to various restrictions and requirements.  Defendant
13  understands that if defendant violates one or more of the conditions
14  of any supervised release imposed, defendant may be returned to
15  prison for all or part of the term of supervised release authorized
16  by statute for the offense that resulted in the term of supervised
17  release, which could result in defendant serving a total term of
18  imprisonment greater than the statutory maximum stated above.

19      7.   Defendant understands that, by pleading guilty, defendant
20  may be giving up valuable government benefits and valuable civic
21  rights, such as the right to vote, the right to possess a firearm,
22  the right to hold office, and the right to serve on a jury.
23  Defendant understands that once the court accepts defendant's guilty
24  plea, it will be a federal felony for defendant to possess a firearm
25  or ammunition.  Defendant understands that the conviction in this
26  case may also subject defendant to various other collateral
27  consequences, including but not limited to revocation of probation,
28  parole, or supervised release in another case and suspension or

1  revocation of a professional license.  Defendant understands that

2  unanticipated collateral consequences will not serve as grounds to

3  withdraw defendant's guilty plea.

4      8.   Defendant and his counsel have discussed the fact that,

5  and defendant understands that, if defendant is not a United States

6  citizen, the conviction in this case makes it practically inevitable

7  and a virtual certainty that defendant will be removed or deported

8  from the United States.  Defendant may also be denied United States

9  citizenship and admission to the United States in the future.

10 Defendant understands that while there may be arguments that

11 defendant can raise in immigration proceedings to avoid or delay

12 removal, removal is presumptively mandatory and a virtual certainty

13 in this case.  Defendant further understands that removal and

14 immigration consequences are the subject of a separate proceeding

15 and that no one, including defendant's attorney or the Court, can

16 predict to an absolute certainty the effect of defendant's

17 conviction on defendant's immigration status.  Defendant

18 nevertheless affirms that defendant wants to plead guilty regardless

19 of any immigration consequences that this plea may entail, even if

20 the consequence is automatic removal from the United States.

21     9.   Defendant understands that defendant will be required to

22 pay full restitution to the victims of the offense to which

23 defendant is pleading guilty.  Defendant agrees that, in return for

24 the USAO's compliance with its obligations under this agreement, the

25 Court may order restitution to persons other than the victims of the

26 offenses to which defendant is pleading guilty and in amounts

27 greater than those alleged in the count to which defendant is

28 pleading guilty.  In particular, defendant agrees that the Court may

order restitution to any victim of any of the following for any

losses suffered by that victim as a result: (a) any relevant

conduct, as defined in U.S.S.G. § 1B1.3, in connection with the

offenses to which defendant is pleading guilty; and (b) any counts

dismissed and charges not prosecuted pursuant to this agreement as

well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in

connection with those counts and charges.  The parties agree that

the applicable amount of restitution is at least **$648,961.**

FACTUAL BASIS

10.  Defendant admits that defendant is, in fact, guilty of the

offenses to which defendant is agreeing to plead guilty.  Defendant

and the USAO agree to the statement of facts provided below and

agree that this statement of facts is sufficient to support a plea

of guilty to the charges described in this agreement and to

establish the Sentencing Guidelines factors set forth below but is

not meant to be a complete recitation of all facts relevant to the

underlying criminal conduct or all facts known to either party that

relate to that conduct.

> Beginning in or before 2013, and continuing through October
> 2021, defendant intentionally carried out a scheme to defraud
> banks.  In furtherance of the scheme, defendant impersonated
> victims of identity theft and applied for EDD benefits in their
> names using forged certifications of disability, causing Bank
> of America, a federally-insured bank, to mail EDD debit cards
> to the addresses defendant designated.  Acting with the intent
> to defraud, defendant used those debit cards to impersonate the
> victims and withdraw cash from Bank of America ATMs.  The total
> loss to EDD from this scheme was at least $648,961.

SENTENCING FACTORS

11.  Defendant understands that in determining defendant's

sentence the Court is required to calculate the applicable

6

1  Sentencing Guidelines range and to consider that range, possible

2  departures under the Sentencing Guidelines, and the other sentencing

3  factors set forth in 18 U.S.C. § 3553(a).  Defendant understands

4  that the Sentencing Guidelines are advisory only, that defendant

5  cannot have any expectation of receiving a sentence within the

6  calculated Sentencing Guidelines range, and that after considering

7  the Sentencing Guidelines and the other § 3553(a) factors, the Court

8  will be free to exercise its discretion to impose any sentence it

9  finds appropriate up to the maximum set by statute for the crimes of

10  conviction.

11       12.  Defendant and the USAO agree to the following applicable

12  Sentencing Guidelines factors:

13       Base Offense Level:        7  U.S.S.G. § 2B1.1(a)(1)

14       Loss over $550K:         +14  U.S.S.G. § 2B1.1(b)(1)

15  Defendant and the USAO reserve the right to argue that additional

16  specific offense characteristics, adjustments, and departures under

17  the Sentencing Guidelines are appropriate.

18       13.  Defendant understands that there is no agreement as to

19  defendant's criminal history score or category.

20       14.  Defendant and the USAO reserve the right to argue for a

21  sentence outside the sentencing range established by the Sentencing

22  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

23  (a)(2), (a)(3), (a)(6), and (a)(7).

24                 WAIVER OF CONSTITUTIONAL RIGHTS

25       15.  Defendant understands that by pleading guilty, defendant

26  gives up the following rights:

27            a)   The right to persist in a plea of not guilty.

28            b)   The right to a speedy and public trial by jury.

7

1       c)    The right to be represented by counsel – and if

2   necessary have the court appoint counsel - at trial.  Defendant

3   understands, however, that, defendant retains the right to be

4   represented by counsel – and if necessary have the court appoint

5   counsel – at every other stage of the proceeding.

6       d)    The right to be presumed innocent and to have the

7   burden of proof placed on the government to prove defendant guilty

8   beyond a reasonable doubt.

9       e)    The right to confront and cross-examine witnesses

10  against defendant.

11      f)    The right to testify and to present evidence in

12  opposition to the charges, including the right to compel the

13  attendance of witnesses to testify.

14      g)    The right not to be compelled to testify, and, if

15  defendant chose not to testify or present evidence, to have that

16  choice not be used against defendant.

17      h)    Any and all rights to pursue any affirmative

18  defenses, Fourth Amendment or Fifth Amendment claims, and other

19  pretrial motions that have been filed or could be filed.

20                      LIMITED WAIVER OF DISCOVERY

21     16.  Defendant understands that the government may possess

22  additional evidence against him that he has not been shown.  In

23  exchange for the government's obligations under this agreement,

24  defendant gives up any right he may have had to review any

25  additional discovery.

26                    WAIVER OF APPEAL OF CONVICTION

27     17.  Defendant understands that, with the exception of an

28  appeal based on a claim that defendant's guilty pleas were

8

involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18.   Defendant agrees that, provided the Court imposes a term of imprisonment of no more than five years, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $1,000,000; and (f) the conditions of probation or supervised release imposed by the Court.

19.   Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

20.   The USAO gives up its right to appeal any portion of the sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

21.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a

1  claim and finding that entry into this plea agreement was

2  involuntary, then (a) the USAO will be relieved of all of its

3  obligations under this agreement; and (b) should the USAO choose to

4  pursue any charge that was either dismissed or not filed as a result

5  of this agreement, then (i) any applicable statute of limitations

6  will be tolled between the date of defendant's signing of this

7  agreement and the filing commencing any such action; and

8  (ii) defendant waives and gives up all defenses based on the statute

9  of limitations, any claim of pre-indictment delay, or any speedy

10  trial claim with respect to any such action, except to the extent

11  that such defenses existed as of the date of defendant's signing

12  this agreement.

13  <div align="center">EFFECTIVE DATE OF AGREEMENT</div>

14      22.  This agreement is effective upon signature and execution

15  of all required certifications by defendant, defendant's counsel,

16  and an Assistant United States Attorney.

17  <div align="center">BREACH OF AGREEMENT</div>

18      23.  Defendant agrees that if defendant, at any time after the

19  signature of this agreement and execution of all required

20  certifications by defendant, defendant's counsel, and an Assistant

21  United States Attorney, knowingly violates or fails to perform any

22  of defendant's obligations under this agreement ("a breach"), the

23  USAO may declare this agreement breached.  All of defendant's

24  obligations are material, a single breach of this agreement is

25  sufficient for the USAO to declare a breach, and defendant shall not

26  be deemed to have cured a breach without the express agreement of

27  the USAO in writing.  If the USAO declares this agreement breached,

28  and the Court finds such a breach to have occurred, then: (a) if

1  defendant has previously entered a guilty plea pursuant to this

2  agreement, defendant will not be able to withdraw the guilty pleas,

3  (b) the USAO will be relieved of all its obligations under this

4  agreement, and (c) defendant will still be bound by defendant's

5  obligations under this agreement.

6      24.  Following the Court's finding of a knowing breach of this

7  agreement by defendant, should the USAO choose to pursue any charge

8  that was either dismissed or not filed as a result of this

9  agreement, then:

10         a)   Defendant agrees that any applicable statute of

11  limitations is tolled between the date of defendant's signing of

12  this agreement and the filing commencing any such action.

13         b)   Defendant waives and gives up all defenses based on

14  the statute of limitations, any claim of pre-indictment delay, or

15  any speedy trial claim with respect to any such action, except to

16  the extent that such defenses existed as of the date of defendant's

17  signing this agreement.

18         c)   Defendant agrees that: (i) any statements made by

19  defendant, under oath, at the guilty plea hearing (if such a hearing

20  occurred prior to the breach); (ii) the agreed to factual basis

21  statement in this agreement; and (iii) any evidence derived from

22  such statements, shall be admissible against defendant in any such

23  action against defendant, and defendant waives and gives up any

24  claim under the United States Constitution, any statute, Rule 410 of

25  the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of

26  Criminal Procedure, or any other federal rule, that the statements

27  or any evidence derived from the statements should be suppressed or

28  are inadmissible.

COURT AND PROBATION OFFICE NOT PARTIES

25.   Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in the plea agreement are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

27.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise

12

1 regarding the sentence defendant will receive, except that it will

2 be within the statutory maximum.

3 <center>NO ADDITIONAL AGREEMENTS</center>

4     28.   Defendant understands that, except as set forth herein,

5 there are no promises, understandings, or agreements between the

6 USAO and defendant or defendant's attorney, and that no additional

7 promise, understanding, or agreement may be entered into unless in a

8 writing signed by all parties or on the record in court.

9 <center>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</center>

10     29.   The parties agree that this agreement will be considered

11 part of the record of defendant's guilty plea hearing as if the

12 entire agreement had been read into the record of the proceeding.

13 AGREED AND ACCEPTED

14 UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

15

16 TRACY L. WILKISON
United States Attorney

17

18 *Andrew Brown*                               November 22, 2021
ANDREW BROWN                                  Date
Assistant United States Attorney

19

20 *Santos Sixtos Mena*                         DECEMBER, 7 2021

21 SANTOS SIXTOS MENA                            Date
Defendant

22

23

24 *Annie O'Toole*                              December 7, 2021
ANNIE O'TOOLE                                 Date

25 Attorney for Defendant
SANTOS SIXTOS MENA

26

27

28

<center>13</center>

CERTIFICATION OF DEFENDANT

I have had the entire agreement read to me in Spanish, which is the language I understand best.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     DECEMBER, 7, 2021
SANTOS SIXTOS MENA                   _____
Defendant                            Date

CERTIFICATION OF INTERPRETER

I am fluent in the written and spoken English and Spanish languages.  I accurately translated this entire agreement from

14

1 | English into Spanish to defendant on this date.

2 |

3 | Creina Areiola    12/7/2021

4 | INTERPRETER (Print name & Sign)          Date

5 | CERTIFICATION OF DEFENDANT'S ATTORNEY

6 |     I am SANTOS SIXTOS MENA's attorney.  I have carefully and

7 | thoroughly discussed every part of this agreement with my client.

8 | Further, I have fully advised my client of my client's rights, of

9 | possible pretrial motions that might be filed, of possible defenses

10 | that might be asserted either prior to or at trial, of the

11 | sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant

12 | Sentencing Guidelines provisions, and of the consequences of

13 | entering into this agreement.  To my knowledge: no promises,

14 | inducements, or representations of any kind have been made to my

15 | client other than those contained in this agreement; no one has

16 | threatened or forced my client in any way to enter into this

17 | agreement; my client's decision to enter into this agreement is an

18 | informed and voluntary one; and the factual basis set forth in this

19 | agreement is sufficient to support my client's entry of a guilty

20 | plea pursuant to this agreement.

21 |

22 | Annie O'Toole          December 7, 2021

23 | ANNIE O'TOOLE                          Date
Attorney for Defendant

24 | SANTOS SIXTOS MENA

25 |

26 |

27 |

28 |

15